IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRYAN CORNELIUS HARRIS,    )
                           )
            Plaintiff,     )
                           )
      v.                   )    1:06CV634
                           )
SAMI HASSAN,               )
                           )
            Defendant.     )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Plaintiff, a prisoner of the State of North Carolina, seeks relief pursuant to 42 U.S.C. § 1983. As Defendant, he has named Dr. Sami Hassan, a unit physician at the Albermarle Correctional Institution.

In the complaint, Plaintiff states that the record shows that he has numerous allergies and sensitivities. He states that he is exposed to these allergens, which produce symptoms. He also claims that on June 6, 2006, he had to be taken to the Stanly Memorial Hospital because of exposure to allergens which, somehow, affected his asthma. Next, he claims that the unit physician, nurse, and staff, are all aware of his serious health condition, but refuse to provide him adequate housing. For relief, he wants new housing in an allergen free environment, a proper eye examination, diagnosis, and treatment.

Prior to the filing an answer, Plaintiff filed a motion for a temporary restraining order that would prohibit Defendant from providing any medical care to Plaintiff and prohibit Defendant from

changing orders and medications, or treatments, prescribed for Plaintiff by other doctors.  Defendant filed a motion to dismiss.

Defendant's motion to dismiss is premised on two arguments.  The first is that Plaintiff has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  The basis for this argument is that Plaintiff did not appeal the adverse administrative grievance decisions to the highest level and that Plaintiff admits not doing so because he would risk going blind or die waiting for the completion of the administrative process.  In his response, Plaintiff states that after the filing of the complaint, he did complete the administrative process.  Defendant did not file a reply contradicting these assertions and, therefore, the Court assumes that this prong for dismissal is no longer viable and the Court will not consider it further.  Therefore, the Court will turn to the remaining prong.

Defendant contends that this action must be dismissed because the complaint fails to contain sufficient facts to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955 (2007).  That is, a plaintiff must supply more than labels or conclusions, or a formal recitation of elements, but must state sufficient facts to show that he has a claim upon which relief may be granted.  A court has no duty to speculate or conjure up unpleaded facts for the parties.  A plaintiff must state sufficient facts that encompass all of the

elements with respect to the claim, at least by direct or inferential allegations. Id.

Plaintiff does not state any basis for bringing a claim against Dr. Hassan. That is, he does not define any federal right which has been violated by the Defendant. This, alone, would be a sufficient basis to dismiss the complaint. However, it possibly may be inferred that Plaintiff is claiming that the Defendant has failed to provide sufficient medical care. In order for Plaintiff to succeed in this lawsuit alleging lack of medical care, he must show that the defendants were deliberately indifferent to a serious medical need. Mere negligence or malpractice is not enough. Estelle v. Gamble, 429 U.S. 97 (1976)(convict); Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990)(pretrial detainee).

As stated by the Fourth Circuit in Johnson, 145 F.3d at 167:

> To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298, 111 S.Ct. at 2324; see Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir.1997); Williams, 77 F.3d at 761; Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993).
>
> With regard to inadequate medical attention, the objective component is satisfied by a serious medical condition. . . .
>
> The subjective component is satisfied by showing deliberate indifference by prison officials. . . . Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979; see Amos, 126 F.3d at 610 (stating that "prison officials [must] know of and disregard an objectively serious condition, medical need, or risk of harm"). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982; see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997)(holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

In order to meet this standard, Plaintiff must show that the treatment is grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Deliberate indifference is manifested by actual intent or reckless disregard of substantial risks of danger but not mere acts of negligence. Id.

Nothing in the complaint shows any indication of a deliberate indifference to a serious medical need. Instead, the complaint states that the staff has refused to provide housing. Nothing in the allegations show that Dr. Hassan was in any way responsible for providing housing. Moreover, the complaint would seem to indicate that Plaintiff has been examined by Dr. Hassan. The fact that Plaintiff may disagree with Dr. Hassan's medical judgment is simply insufficient to state a claim for relief.

As stated before, the mere fact that Plaintiff concludes that Dr. Hassan was guilty of negligence or malpractice is not enough to sustain a claim in federal court that Dr. Hassan violated Plaintiff's constitutional rights. The complaint fails to satisfy the subjective component of an Eighth Amendment claim by showing

-4-

that Dr. Hassan consciously disregarded the medical need or risk. In fact, nothing in the complaint shows that Dr. Hassan acted in a way that was deliberately indifferent to Plaintiff's medical need. All that Plaintiff can say is that Dr. Hassan has the duty of providing medical care, but when it comes to the kind of care required, Plaintiff states that Dr. Hassan was supposed to write a transfer order. However, nothing shows that Dr. Hassan had the authority to write such an order or that he thought such an order was proper, but failed to do so.

In the end, all one has is that Plaintiff is dissatisfied with the medical care that he is receiving. The complaint shows that Dr. Hassan actually took an active part in Plaintiff's medical care, but that Plaintiff disagreed with Dr. Hassan's actions. This fails to state a claim upon which relief may be granted. For this reason, the complaint must be dismissed.

Because Plaintiff has failed to state a claim upon which relief may be granted and the action will be dismissed, his motion for a temporary and permanent injunction, and motion for production of xerox copies are moot and will, accordingly, be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss this action for Plaintiff's failure to state claim upon which relief may be granted (docket no. 17) is granted and that this action be, and the same hereby is, dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 19) be, and the same hereby is, denied for being moot.

-5-

Case 1:06-cv-00634-RAE   Document 31   Filed 07/26/07   Page 5 of 6

**IT IS FURTHER ORDERED** that Plaintiff's motion for production of xerox copies (docket no. 25) be, and the same hereby is, denied for being moot.

*/s/ Russell A. Eliason*
United States Magistrate Judge

July 26, 2007